VERSON D. COOMBS *vs.* JAMES E. HOGAN, Excutor.

Cumberland.   Opinion October 21, 1915.

*Agent.*          *Defendant.*          *Executor.*          *Writ.*

1.   An executor, in an action against him, is a defendant.
2.   The estate is in the hands of the executor and he is the only person against whom an action is authorized, or can be instituted for a claim against the decedent.
3.   The executor and the person named as executor are always one and the same.

On report upon an agreed statement of facts.   Case remanded to nisi for trial.

This is an action of assumpsit on an account annexed to recover for board of Hannah B. Hogan, of Bath, in county of Sagadahoc, during her lifetime.   The defendant appeared specially on the first day of January Term, 1915, and filed a motion to quash.   The case was reported to the Law Court upon an agreed statement of the parties the Law Court to determine whether the motion to quash shall be sustained or denied.   If sustained, the writ is to be quashed and the action dismissed.   If denied, the action is to be remanded to the trial court and to stand for trial with costs to the prevailing party.

The case is stated in the opinion.

*William A. Connellan,* for plaintiff.

*William T. Hall, Jr., and Frederic J. Laughlin,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SPEAR, J.   As appears by the agreed statement, this is an action on an account annexed brought by Verson D. Coombs against the goods and estate of Hannah B. Hogan, late of Bath, in the county of Sagadahoc.

As appears by the writ, the officer was directed to "attach the goods and estate which were of Hannah B. Hogan, late of Bath in the county of Sagadahoc and State of Maine, deceased, in the possession of James E. Hogan, of said Bath, executor of the last will and estate of said Hannah B. Hogan, to the value of one thousand dollars, and summon *the said defendant* in his said capacity as executor."

A special appearance in this action was entered by attorneys for the executor of the last will and testament of Hannah B. Hogan, who, as it also appears by the agreed statement, is James E. Hogan, of Portsmouth, in the state of New Hampshire.

The first question at issue, under the agreed statement, is whether any defendant is named in the writ.   We are unable to discover any good reason why there is not.   A reading of the declaration does not leave the least doubt upon the mind, that the plaintiff has sued the executor of the estate for a bill due from the estate to the plaintiff.   No misunderstanding regarding this question seems possible.   The objection therefore to the form of the pleading is purely technical and, if sustained, it must be for want of statutory requirement in the pleadings.   Does the writ, then, omit any word which the statute requires to give it validity?   It is conceded by the defendant that the statute prescribes no special form of action, but cites the civil officer as containing a form usually employed.   While this form is undoubtedly correct and to be approved, it nevertheless has not the legal merit of being the only form.   Any other form, embracing all the legal requirements, would do equally as good.   The statute simply provides that an executor may be sued, but prescribes no form of action.

The first inquiry to be made is, is an executor, in an action against him, a defendant?   An affirmative answer is irresistable.   The decedent, whom he represents, is beyond the jurisdiction of the court.   The estate is in the hands of the executor.   He is the only

person against whom an action is authorized or can be instituted for a claim against the decedent. The officer is directed to attach the goods and estate, not of the executor, as his property is not liable; but of the decedent, which has come into his hands as executor. In other words, the executor is the only person under the law against whom an action can be brought, and accordingly he is the defendant, and the only defendant, who can be named in a case of this kind. There is no myth about the term, executor. It always meant some individual who has the legal administration of an estate under a will. Where only one executor is named, he alone is the only individual who can represent the estate; who can sue and be sued. In such case the executor, and the person named as executor, are always one and the same. Hence it follows as a corollary, if the executor is a defendant, the person named as executor is the same defendant.

If we apply this reasoning to the case at bar, it reveals a writ whose form will meet the requirements of the law. We have shown in this case that the executor is the defendant; that James E. Hogan is the executor; hence James E. Hogan is the defendant. It necessarily follows that "the said defendant in his said capacity as executor" referred directly to James E. Hogan, and meant him and nobody else, as there is nobody else to whom it could refer. We have no doubt that James E. Hogan is properly named as defendant, and that all legal processes may be issued accordingly. Under this interpretation, all the argument relating to an amendment becomes immaterial.

The second question raised by the defendant is without merit. The writ named the executor as of Bath, Maine, when, as a matter of fact he resided in Portsmouth, N. H. Wm. T. Hall was his agent in Maine. The writ was duly served upon Wm. T. Hall as agent, and is clearly amendable under the liberal rule now found in the statute, as construed by the court. In accordance with the stipulation,

*Case remanded to nisi for trial.*